# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Luisa Perez, )
        Plaintiff, )    Civil Action No. 1:18-cv-01611
)
v. )
)
Swift Transportation Services, LLC and )
Swift Transportation Company of )
Arizona, LLC, )
)
        Defendants. )

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Defendants Swift Transportation Services, LLC and Swift Transportation Company of Arizona, LLC (collectively "Swift Transportation" or "Defendants"), and Plaintiff Luisa Perez ("Perez" or "Plaintiff"), by their respective counsel, hereby request that this Court enter a mutual protective order based upon the parties agreeing to the following statement of good cause pursuant to the standard enunciated in *Pansy v. Borough of Stroudsberg*, 23 F.3d 722 (3d Cir. 1994):

1.    Swift Transportation and Perez stipulate that the litigation in the above-captioned matter might involve discovery of the personnel files of employees who are not parties to this litigation and confidential business information related to Swift Transportation's business such as pricing and business strategy. Swift Transportation and Perez further agree that such discovery may require production of confidential information relating to current

1

and/or former employees of Swift Transportation including information regarding individual performance that are not necessarily part of the individual's personnel record.

2. Swift Transportation and Perez agree that the above-identified confidential information has value only to the parties in this matter, and that the public has no interest in such information.

3. Swift Transportation and Perez agree that the misuse or unnecessary dissemination of the above-identified confidential information could violate the privacy of Perez or third parties and cause undue embarrassment to current and/or former Swift Transportation employees or other third parties. The release of such information may also create liability for Swift Transportation who is statutorily required to maintain the confidentiality of employee information. It could also impact Swift Transportation's competitive advantage in the market if the confidential business information is disseminated.

**WHEREFORE,** Swift Transportation and Perez hereby stipulate and agree, for the above stated reasons, as follows:

1. This Confidentiality Stipulation ("Stipulation") governs the handling of documents, testimony, materials, and other information, including all copies, excerpts, and summaries thereof designated by Plaintiff or Defendants as confidential ("Confidential Material") and produced, given, or filed by the parties

during the course of the above-captioned litigation (the "Litigation").

2. The provisions of this Stipulation shall apply to the (i) Plaintiff and Defendants to the Litigation; and (ii) any other person receiving or disclosing Confidential Material in the Litigation who agrees to be bound by the terms of this Stipulation. As used herein, "person" includes the named Plaintiff to the Litigation, her counsel and employees of her counsel, non-party witnesses in the Litigation, and others who have agreed to be bound by this Stipulation pursuant to Paragraph 9, including expert witnesses retained by the parties.

3. Confidential Material shall be used only for the purposes of preparing for and conducting the Litigation (including any appeals), and not for any other purpose whatsoever, including, without limitation any business or commercial purpose, and shall not be given, shown, made available, or communicated in any way to anyone except those specified in Paragraphs 9 and 10 below to whom it is necessary that such Confidential Material be given or shown for the exclusive purposes permitted under this Paragraph.

4. Plaintiff or Defendants may designate as "Confidential" any document, testimony, material, or other information, disclosed through formal or informal discovery or otherwise in the course of this litigation. Such designation shall subject the information produced or provided under said designation to the provisions of this Stipulation.

5. Any document or material produced by any party or person in this litigation may be designated as "Confidential" or "Attorneys' Eyes Only" by Plaintiff or Defendants by stamping the word "Confidential" or "Attorneys' Eyes Only" on the face of the writing or inserting a watermark. Alternatively, a party may designate any writing as "Confidential" or "Attorneys' Eyes Only" by identifying such document(s) by bates number or otherwise designating it/them as "Confidential" or "Attorneys' Eyes Only" in a cover letter addressed to the opposing party's counsel and accompanying the production of such document(s).

6. Plaintiff or Defendants may designate deposition testimony or any portion of deposition testimony as "Confidential" or by advising the reporter and counsel of such designation during the course of the deposition or at any time thereafter.

7. Whenever any Confidential Material is an exhibit in connection with testimony given or is filed with the Court in this case, it shall be so marked and separately filed under seal with the Court.

8. The parties agree to attempt to resolve any challenge to the designation of documents, testimony, materials, and other information as "Confidential" or "Attorneys' Eyes Only" in good faith on an informal basis. If the challenge cannot be resolved informally, either the Plaintiff or Defendants may, on reasonable notice, apply for appropriate ruling(s) from the Court. The

designated material at issue shall continue to be treated as "Confidential" or "Attorneys' Eyes Only" until the Court orders otherwise.

9. Except upon prior written consent of the party asserting "Confidential" or "Attorneys' Eyes Only" treatment or upon further order of a court of competent jurisdiction, Confidential Material shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to Confidential Material shall be limited to:

(a) Plaintiff and Defendants, and Defendants' management and representatives;

(b) Counsel of record for the parties to the litigation, including in-house counsel, and employees of said counsel who are assisting in the prosecution or defense of this litigation.

(c) Fact witnesses of the parties in the litigation, except that such witnesses are not to be given originals, copies, facsimiles or summaries of Confidential Information without prior consent;

(d) Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in the Litigation;

(e) The Court and court reporters employed in connection with this Litigation; and

(f) Any other person that the parties agree to in advance in writing.

10. In addition to Paragraph 9, the parties agree that the Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

11. Access to "Attorneys' Eyes Only" materials shall be limited to counsel of record for either party to the litigation, including in-house counsel, and employees of said counsel who are assisting in the prosecution or defense of this litigation and any other person that the Parties agree to in advance in writing.

12. No party shall, for herself or itself or for any person or persons acting on her or its behalf, make more copies of any Confidential Material than are reasonably necessary to conduct this litigation.

13. If either party objects to the designation of any document, testimony, information or material as "Confidential" or "Attorneys' Eyes Only" she or it may, by motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated. The burden shall remain with the party seeking confidentiality to justify such designation. Unless and until the Court enters an order to the contrary, the documents, testimony, information or

material shall be given the "Confidential" or "Attorneys' Eyes Only" treatment initially assigned to it and provided for in this Confidentiality Agreement.

14. Except as otherwise provided for in this Stipulation, all Confidential Material shall remain in the possession of counsel for the respective parties or the parties themselves, and be stored in a secure place.

15. In accordance with Federal Rule of Civil Procedure 16(b)(3)(B)(iv) (as amended, Dec. 1, 2015), the parties agree to, and the Court orders, protection of privileged and otherwise protected documents against claims of waiver (including as against third parties and in other federal and state proceedings) under Federal Rule of Evidence 502(d) and (e) as follows:

> (a) The disclosure or production of documents by a producing party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a receiving party, shall in no way constitute the voluntary disclosure of such document.
>
> (b) The inadvertent disclosure or production of any document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c) If, during the course of this litigation, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

(i). the receiving party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the receiving party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise

used by the receiving party. Notwithstanding, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product Protected Documents.

(ii). If the producing party intends to assert a claim of privilege or other protection over documents identified by the receiving party as Protected Documents, the producing party will, within ten (10) days of receiving the receiving party's written notification described above, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements for setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

(d) If, during the course of this litigation, a party determines it has produced a Protected Document:

(i). the Producing Party may notify the receiving party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The producing party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements for setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

(ii). The receiving party must, within ten (10) days of receiving the producing party's written notification described above, return, sequester, or destroy the Protected Document

and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database.

(e) To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the producing party as set forth in paragraphs 14(c)(i) and 14(d)(i), then the receiving party shall sequester such documents until the claim has been resolved. If the receiving party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f) The receiving party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or

protection. However, the receiving party is prohibited and estopped from arguing that:

(i). the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(ii). the disclosure of the Protected Documents was not inadvertent;

(iii). the producing party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(iv). the producing party failed to take reasonable or timely steps to rectify the error.

(g) Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The producing party shall preserve the Protected Documents until such claim is resolved. The receiving party may not use the Protected Documents for any purpose absent this Court's order.

(h) Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered

rather than returned or destroyed by the receiving party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the receiving party of Protected Documents by search terms or other means.

(i) Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

16. This Confidentiality Agreement may be modified or amended by agreement of the parties or by further order of the Court for good cause shown.

17. Upon termination of this litigation, including all appeals or the running of the appropriate period for filing an appeal, all copies of Confidential Material shall, upon request, be returned to counsel for the producing party or destroyed. Copies of Confidential Material which have been filed with the Court may be returned to the filing party by the Clerk of Court, or destroyed.

/s/Graham F. Baird
Graham Baird
**The Law Offices of Eric A. Shore, P.C.**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
(267) 546-0131 (telephone)
*Attorneys for Plaintiff,*
Luisa Perez

Dated: January 22, 2019

/s/Barbara Rittinger Rigo
Barbara Rittinger Rigo
Janice Sued Agresti
**Littler Mendelson, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102 1321
(267) 402-3000 (telephone)
(267) 402-3131 (facsimile)
*Attorneys for Defendants,*
Swift Transportation Services, LLC and
Swift Transportation Company of Arizona,
LLC

Dated: January 22, 2019

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 1/22/19

_____
                                    J.